# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____
                                        )
ALBERT MARCELLUS BRISCOE, et al.,       )
                                        )
               Plaintiffs,              )
                                        )
     v.                                 )     Civil Action No. 16-0809 (ABJ)
                                        )
UNITED STATES OF AMERCIA, et al.,       )
                                        )
               Defendants.              )
_____)
```

## <u>MEMORANDUM OPINION</u>

The plaintiffs in this case were convicted and sentenced after they pled guilty to conspiring to distribute, and to possess with intent to distribute, heroin. Approximately one and a half years later, their convictions were vacated after it was revealed that an investigator involved in the case, Special Agent Matthew Lowry, had been misappropriating evidence seized in criminal cases for his personal use. Plaintiffs then filed this lawsuit against Lowry and a number of federal law enforcement agencies and officials. The procedural and factual background of the case are set out in detail in the Court's previous Memorandum Opinion, *see Briscoe v. United States*, No. 16-809, 2017 WL 3188954, at *1–3 (D.D.C. July 25, 2017), so only the relevant circumstances will be repeated here.

On July 25, 2017, the Court dismissed Counts I, II, III, and IV against the FBI, the Department of Justice, and the Director of the FBI in his official capacity; Counts I, III, and IV against defendant Lowry in his official capacity; and Counts I, III, and IV against the United States. *See Briscoe*, 2017 WL 3188954, at *1–2; Order (July 25, 2017) [Dkt. # 32]. The Court concluded that it was not yet clear whether it had subject matter jurisdiction over Count II, the negligent supervision count, so it denied the government's motion to dismiss that count for failure to state a

claim without prejudice, and it authorized plaintiffs to embark on limited jurisdictional discovery. *Briscoe*, 2017 WL 3188954, at *1–2. The Court also deferred ruling on defendant Lowry's motion to dismiss the state law claims against him under Federal Rule of Civil Procedure 12(b)(6) until after it had determined whether any federal claims would be left standing. *Id.*

Count II alleges that the federal defendants knew or should have known about Lowry's drug addiction and his tampering with evidence, and that their failure to supervise and monitor him breached a duty owed to the plaintiffs and caused them to suffer the harm that flowed from their conviction and incarceration. Am. Compl. [Dkt. # 4] ¶¶ 161–76.

In its motion to dismiss, the government argued that the United States was immune from suit, and the Court therefore lacked subject matter jurisdiction over the negligent supervision claim, in light of the discretionary function exception to the Federal Tort Claims Act. United States & Agency Defs.' Mot. to Dismiss [Dkt. # 16] ("United States Mot."); Mem. in Supp. of United States Mot. [Dkt. # 16] ("United States Mem.") at 4, 8–10. As the Court explained at the time, "[t]he discretionary function exception bars claims 'based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Briscoe*, 2017 WL 3188954, at *6, quoting *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1252 (D.C. Cir. 2005).

The Court is required to engage in a two-part inquiry when the government invokes the exception. First, the Court must assess whether the challenged conduct involves "an element of judgment or choice." *United States v. Gaubert*, 499 U.S. 315, 322 (1991), quoting *Berkovitz ex rel Berkovitz v. United States*, 486 U.S. 531, 536 (1988). An action is not subject to judgment or choice if a "federal statute, regulation, or policy specifically prescribes a course of action for an

employee to follow." *Gaubert*, 499 U.S. at 322, quoting *Berkovitz*, 486 U.S. at 536. Internal guidelines can also constitute this sort of mandatory directive. *Ignatiev v. United States*, 238 F.3d 464, 467 (D.C. Cir. 2001).

The second prong of the discretionary function exception asks whether the challenged acts are "of the kind that the discretionary function exception was designed to shield" – that is, "actions and decisions based on considerations of public policy." *Berkovitz*, 486 U.S. at 536–37. Plaintiffs did not dispute that the FBI's supervision of its employees satisfied this prong of the test. *See* Pls.' Opp. to United States Mot. [Dkt. # 18]; *see also Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1217 (D.C. Cir. 1997) (concluding that the supervision of employees satisfies the second prong of the discretionary function inquiry).

But plaintiffs argued that the conduct they challenged was not discretionary for two reasons: (1) the FBI and its agents exceeded the scope of their constitutional authority; and (2) the FBI and its agents violated a federal statute, regulation or policy specifically prescribing the management and supervision of FBI agents. Pls.' Opp. to United States Mot. at 7. The Court found that plaintiffs had failed to allege any unconstitutional exercise of supervisory discretion. *Briscoe*, 2017 WL 3188954, at *7–8. But in reliance on the D.C. Circuit's guidance in *Ignatiev*, it found that discovery was needed to ascertain whether a mandatory directive could have been violated.

> Here, plaintiffs' allegations with respect to the failure to supervise Lowry are summary and scarce, but plaintiffs do claim that "defendants negligent[ly] fail[ed] to adequately supervise Lowry;" defendants failed to "detect and prevent" Lowry's misconduct; and that "each individual defendant had a duty to properly supervise and monitor its agents including Lowry." Plaintiffs do not refer to any internal FBI policies that may have dictated defendants' supervision of Lowry, and the United States contends that such an omission is fatal. But plaintiffs' failure to allege the existence of an internal policy is not dispositive at this early stage. As in *Ignatiev*, what is missing from the complaint is not a statement of the relevant

facts – that the FBI failed to supervise Lowry while he was illegally mishandling evidence – but a reference to applicable internal guidelines that would have rendered some of defendants' supervisory actions nondiscretionary. And the D.C. Circuit has granted jurisdictional discovery in exactly this situation.

Therefore, the Court will deny the United States' motion to dismiss Count II without prejudice, and grant plaintiffs' request for some jurisdictional discovery. The Court is not persuaded that there is a basis in the record at this time to launch what would be a wide-ranging fishing expedition into as-yet entirely speculative claims that the FBI failed to comply with its own regulations. So it will permit plaintiffs to propound up to three interrogatories and up to three requests for production of documents to gather information concerning the existence of mandatory directives that would have governed the Lowry situation. Once that information has been received and reviewed, plaintiffs will have the opportunity to propose a narrowly tailored plan for further jurisdictional discovery if appropriate.

*Briscoe*, 2017 WL 3188954, at *9 (internal citations omitted); *see also* Order (July 25, 2017) [Dkt. # 32] (permitting plaintiffs to propound the discovery and stating, "[i]f plaintiffs contend that the material provided shows the existence of a mandatory policy, plaintiffs may submit a proposed plan for limited discovery on the question of whether the policy was adhered to in this case").

Now that this preliminary discovery is complete, plaintiffs have advised the Court that the FBI in fact produced several mandatory departmental regulations, and they have proposed to undertake additional discovery on the question of whether those policies were violated by the officials responsible for Lowry's supervision. *See* Pl.'s Proposed Disc. Plan [Dkt. # 36]. In response, the United States acknowledges that there were policies in place that prescribed mandatory duties, but it argues that since the existence of those policies resolves the jurisdictional question, it would not be appropriate to embark on discovery on what is essentially a merits inquiry – were the policies violated? – before the Court has ruled on the motion to dismiss Count II for failure to state a claim. *See* United States' Resp. to Pl.'s Proposed Disc. Plan [Dkt. # 39].

The Court agrees. It finds that the discretionary function exception to the FTCA does not apply to Count II, and that therefore, it has subject matter jurisdiction to consider the negligent

supervision claim against the United States on the merits. But since it also finds that plaintiffs have failed to allege sufficient facts to establish that any negligence on the part of Lowry's supervisors caused plaintiffs' alleged injuries, Count II must be dismissed against the United States, along with the other negligence counts against Lowry in his individual capacity, and no further discovery is warranted.

As the Court has previously ruled, "defendants cannot be held liable for the effects of an attenuated chain of events." *Briscoe*, 2017 WL 3188954, at *11.

> Plaintiffs allege that they were indicted by a grand jury, and ultimately pled guilty to heroin distribution and possession charges. As part of their guilty pleas, plaintiffs admitted to their participation in a drug trafficking conspiracy and entered those pleas "because [they were] in fact guilty." Plaintiffs allege that the substance seized in the course of the investigation was in fact "heroin," and they never assert their innocence.
>
> Aside from plaintiffs' "threadbare recitals[]" that defendants' conduct "proximately caused" their injuries, or that plaintiffs' injuries were the "proximate result" of defendants' conduct, plaintiffs fail to allege a single fact that gives rise to the inference that defendants' "failure to effectively manage evidence and the chain of custody," was a substantial factor in causing the harm they suffered. The complaint does not tie Lowry's misappropriation of seized contraband or his dilution or destruction of evidence to plaintiffs' convictions or sentencings in any way; there is no allegation that drugs that had been tampered with were entered into evidence in any proceeding. Each plaintiff's alleged injuries stems from his incarceration, but it was only after each plaintiff was indicted and entered a guilty plea that he was sentenced to serve a term of years in prison. . . . [T]here is no allegation in the complaint that Lowry's unlawful activity, or the agency's alleged failure to detect or prevent it, led to their incarceration.

*Id.* (internal citations omitted). In sum, Special Agent Lowry's misconduct led to plaintiffs' early release, but it was not what caused their incarceration.

The dismissal of the last federal claim leaves only the state law claims for negligence, false imprisonment, and negligent infliction of emotional distress against Special Agent Lowry. Under all of the circumstances, the Court will decline to exercise subject matter jurisdiction over the merits of those claims, which suffer from many of the same flaws as the federal claims. *See* 28

U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005) ("A district court may choose to retain jurisdiction over, or dismiss, pendent state law claims after federal claims are dismissed."), citing 28 U.S.C. § 1367(c)(3).

For all of these reasons, Count II against the United States, and Counts I, III, and IV against Lowry in his individual capacity, will be dismissed. No counts remain pending before the Court.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: November 22, 2017